IN THE UNITED STATES DITRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PLANTATION BAY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, JOHN DOES 1-5, and JOHN DOES 6-10,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 15-2042 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

APPEARANCES:

Thomas W. Sheridan, Esq.
Christopher Hinderliter, Esq.
SHERIDAN & MURRAY, LLC
424 S. Bethlehem Pike, Third Floor
Fort Washington, Pennsylvania 19034
    Attorneys for Plaintiff

Frederick W. Alworth, Esq.
Joshua R. Elias, Esq.
Kevin R. Reich, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
    Attorneys for Defendant

**SIMANDLE,** Chief Judge:

This case arises from a dispute between plaintiff Plantation Bay, LLC ("Plantation Bay") and defendant Stewart Title Guaranty Company ("Stewart Title") over a title insurance policy issued by Stewart Title to Plantation Bay. Plantation

Bay also brings suit against ten John Doe defendants allegedly acting as agents of Stewart Title. The crux of the dispute between the parties relates to a restrictive covenant on land Plantation Bay purchased.

Presently before the Court is a motion to dismiss for failure to state claim under Federal Rule of Civil Procedure 12(b)(6) by Defendant Stewart Title [Docket Item 8]. The Court cannot proceed to the merits of the motion, because Plantation Bay has failed to adequately plead subject matter jurisdiction. The Court therefore will dismiss the Complaint and provide Plantation Bay leave to file an amended complaint to cure the jurisdictional defects and any other amendments it wishes to make in light of Defendant's Motion within thirty (30) days. The Court will also dismiss the Stewart Title's Motion without prejudice to Stewart Title's rights to refile the motion upon the filing of an amended complaint. The Court finds as follows:

1. Plantation Bay filed its Complaint on March 20, 2015 [Docket Item 1]. Plantation Bay alleges that Stewart Title breached the title insurance policy it issued to Plantation Bay on two separate occasions, that Stewart Title breached its duty of good faith and fair dealing, and that Stewart Title violated the New Jersey Consumer Fraud Act. (See generally Compl.)

2. Plantation Bay only seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Id. ¶ 26.)

Plantation Bay does not allege that it has any claims arising under the Constitution, laws, or treaties of the United States that would bring this matter under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. In pleading its own citizenship, Plantation Bay only alleges: "Plaintiff, Plantation Bay, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey, with a principal place of business located at 901 Mays Landing Road, Somers Point, NJ 08244." (Compl. ¶ 20.) Plantation Bay makes no reference to the members of the LLC or the citizenship of the members of the LLC. The Complaint also alleges that Stewart Title is a Texas corporation with its principal place of business in Houston, Texas. (Id. ¶ 21.)

4. A court must determine that it has subject matter jurisdiction and "resolve [the issue], one way or the other, before proceeding to a disposition on the merits." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (quoting Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254 (3d Cir. 1977)); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Indeed, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H

Corp., 546 U.S. 500, 514 (2006) (citing <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999)).

5. "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. Accordingly, the citizenship of an LLC is determined by the citizenship of its members." <u>Zambelli</u>, 592 F.3d at 420 (citing <u>Swiger v. Allegheny Energy, Inc.</u>, 540 F.3d 179, 182 (3d Cir. 2008)). "The state of organization and the principal place of business of an unincorporated association are largely irrelevant." <u>Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 105 (3d Cir. 2015) (citing <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 192 (1990) and <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 348 (3d Cir. 2013)). A court must consider the citizenship of all of the entity's members for diversity purposes. <u>Carden</u>, 494 U.S. at 195-96 (citations omitted). Additionally, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." <u>Zambelli</u>, 592 F.3d at 420 (quoting <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th Cir. 2003)).

6. Plantation Bay has failed to plead the citizenship of any of its members. Without this information, this Court cannot properly assess whether or not this case falls within its

limited exercise of subject matter jurisdiction. "The burden of establishing federal jurisdiction rests with the party asserting its existence." Lincoln Benefit, 800 F.3d at 105 (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)). This Court is aware of the recent Third Circuit holding in Lincoln Benefit that failure to fully plead the citizenship of a defendant LLC does not divest a court of jurisdiction. See Lincoln Benefit, 800 F.3d at 110. However, the decision in Lincoln Benefit does not provide the same safe harbor for failure to fully plead the citizenship of a plaintiff LLC.

7. A second level of jurisdictional ambiguity arises from the Complaint's allegation that John Doe Defendants 6-10 include "authorized employees, agents, servants and workmen," including Title Company of New Jersey. (Compl. ¶ 5.) The Complaint alleges that Title Company of New Jersey is an "authorized agent" of Stewart Title (id. ¶¶ 4, 6, 9), and that Title Company of New Jersey was "acting within the course and scope of their actual or apparent agency, representation and/or authority" (id. ¶ 24), when committing various alleged wrongful acts described in the Complaint. Since Title Company of New Jersey appears to fit the description of a John Doe Defendant in the 6-10 category of authorized agent, its citizenship must also be clarified. If Plantation Bay has any New Jersey partner or member, and if Title Company of New Jersey is a New Jersey citizen for purposes

5

of 28 U.S.C. § 1332, then this Court would also lack subject matter jurisdiction over this case. This, too, must be clarified in the Amended Complaint.

8. Without being able to determine whether this case falls within the federal court's diversity jurisdction, this Court cannot proceed to a disposition on the merits. Accordingly, the Complaint must be dismissed for failure to plead subject matter jurisdiction, and Plantation Bay will be provided leave to file an amended complaint within thirty (30) days to cure the jurisdictional defects and also make any other amendments it chooses to make in light of Stewart Title's motion. Stewart Title's Motion to Dismiss will be dismissed without any prejudice to refile the motion following the filing of an amended complaint.

9. The accompanying order will be entered.

December 9, 2015
Date

*Jerome B. Simandle*
JEROME B. SIMANDLE
Chief U.S. District Judge